*May Term, 1838.*

YEATES
v.
REED.

---

YEATES and Wife *v.* REED and Wife.

If in slander for actionable words, the speaking of the words be proved, and they be not explained or justified, the jury may infer that the charge is false and malicious.

In such case, evidence of actual damage is not necessary to the plaintiff's recovery.

In a suit against husband and wife for words spoken by the wife, evidence of the husband's efforts to prevent the circulation of the slander, is not admissible in mitigation of damages.

Slanderous words, spoken affirmatively in answer to a question, should be laid to have been spoken affirmatively : if spoken in the form of a question, they must be laid to have been spoken interrogatively.

Under the general issue in slander, the defendant may prove, either in excuse or mitigation according to circumstances, that he was insane when the words were spoken : the insanity, however, must be established, not by reputation, but by direct proof.

ERROR to the *Henry* Circuit Court.

*Monday, May 28.*

SULLIVAN, J.—This was an action of slander brought by *Reed* and wife against *Yeates* and wife. The declaration alleges, that the wife of *Yeates* charged the wife of *Reed* with whoredom and adultery. Plea, not guilty, and verdict for the plaintiffs below. Motion for a new trial overruled, and judgment on the verdict..

On the trial below, the defendants asked the Court to instruct the jury,—1. That the plaintiffs were bound to prove that some of the words proved to have been spoken, were uttered previously to the commencement of the suit; 2. That if the jury believed from the evidence, that the plaintiffs had sustained no damage from the speaking of the words, they might find

May Term,
1838.

YEATES
v.
REED.

for the defendants; 3. That *Yeates'* conduct in trying to prevent the circulation of the slanderous words, at the time they were spoken and afterwards, and his statement that the charge was false, may be considered by the jury in mitigation of damages. The Court declined giving the instructions as asked, but instructed the jury that some of the slanderous words laid in the declaration, must be proved to have been spoken maliciously, and that if any words were proved to have been spoken that were slanderous in themselves, the jury might infer that they were false and malicious; that the jury should take all the circumstances of the case into their consideration in determining the malice; that they must believe from the evidence that the slander was uttered before the commencement of the suit; and that if it was so doubtful whether the words were uttered before the commencement of the suit that they could not determine that fact, they should find for the defendants.

It further appears from the bill of exceptions, that about the time of the commencement of the suit, Mrs. *Yeates* was seen crying; that she was asked by a witness in the case why she was crying; and that in reply to that question, she uttered the words laid in the declaration. To this testimony the defendants objected, because the words were spoken in answer to a question, and the words in the declaration were laid as spoken affirmatively. The Court overruled the objection and admitted the testimony, to which the defendants excepted. The defendants then offered to prove in mitigation of damages, that, at the time of speaking the words, Mrs. *Yeates* was considered by all her neighbours to be labouring under mental derangement, but the Court refused the testimony, to which the defendants also excepted.

The plaintiffs in error contend that the Court erred in admitting the testimony objected to by them, and in refusing the testimony they offered, and that the Court also erred in the instruction given to the jury, and in refusing the instructions asked.

The first instruction asked by the defendants was given by the Court. The second and third were refused, and we think the Court committed no error in refusing them. If the words spoken are actionable of themselves, the natural consequence is, that damage has or will accrue to the person concerning whom they were spoken. The plaintiff is not bound to show

May Term, 1838.

YEATES
v.
REED.

by proof that he has sustained actual damage, nor is he required in such cases to be prepared to rebut by proof testimony tending to show that he has sustained none. By proving the actionable words, he maintains the issue on his part; and the jury, unless the speaking of the words be explained or justified, is bound to give damages to some extent.

The efforts of *Yeates* to prevent the circulation of the slander, however laudable on his part, can in no wise mitigate the guilt of his wife. This we think too manifest to need further remark.

Nor do we think the Court erred in overruling the objection of the defendants below to the testimony offered by the plaintiffs. Slanderous words should be stated as they were uttered, and if in reply to a question, they were spoken affirmatively, they should be laid affirmatively in the declaration. But when they are uttered in the form of a question, they will not be admitted in support of a declaration charging them to have been spoken affirmatively, because, says the Court in the case of *Barnes* v. *Holloway*, 8 Term Rep. 150, there is often a manifest distinction between the same idea conveyed by words spoken affirmatively, and put interrogatively. If the words had been spoken in reply to a question by the plaintiffs, put with a design to procure their utterance for the purpose of suing the defendants, the plaintiffs could have maintained no action for words so spoken, because "they cannot afterwards complain of that as an injury, which they have voluntarily occasioned." The latter principle was acknowledged by this Court in the case of *Gordon* v. *Spencer*, 2 Blackf. 286. It has no application, however, to the case before us. The question, in reply to which the slanderous words in the present case were uttered, was not put by the contrivance of the plaintiffs, nor did the witness ask any question in reference to Mrs. *Reed* or her character; but in reply to the general question as to the cause of her grief, she spoke the words laid in the declaration and affirmed them to be true. We think the count was well supported by the proof.

The last point made by the plaintiffs is, that the Court below erred in refusing the general opinion of the neighbours as proof that Mrs. *Yeates*, at the time of speaking the words, laboured under mental derangement. Under the general issue in slander, the insanity of the defendant at the time of speak-

ing the words, may be given in evidence. The proof will be received in excuse or in mitigation of damages, according to the circumstances of the case. *Dickinson* v. *Barber*, 9 Mass. 225. And it may be, that partial mental derangement on the subject to which the words relate, may also be given in evidence under the general issue. *Horner* v. *Marshall's* Admx. 5 Munf. 466. But these are facts that must be proved as other facts are proved. Neighbourhood reports or neighbourhood rumours are not sufficient to prove either. Such testimony would confuse rather than enlighten the jury. Some facts, from their nature, can be proved in no other way than by reputation, but insanity, if it exists, may be established by direct proof (1).

We see no error in the record on which to reverse this case.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*D. Kilgore*, for the plaintiffs.

*C. B. Smith*, for the defendants,

(1) *Vide Harbison* v. *Lemon*, Vol. 3 of these Rep. 51, and note.