### BYRKET *v.* MONOHON.

When the plaintiff, in an action of slander, proves the speaking of the actionable words laid in the declaration, the law implies that the words are *false*, and that they were spoken *maliciously*, unless there is evidence sufficient to satisfy the jury to the contrary.

If in slander for charging the plaintiff with perjury, the defendant justify on

May Term,
1844.

BYRKET
v.
MONOHON.

the ground that the words are true, the plaintiff may prove, on the trial, his general good character for truth.

To prove, in support of such justification, the falsity of the plaintiff's statement, two witnesses, or one witness and strong corroborating circumstances, are necessary; but to prove the other allegations in the plea, one witness is sufficient.

On the trial in such case, the jury were instructed that if the defendant had failed to prove the plea to be true, the filing of the plea was a great aggravation of the slander, and the jury should take that circumstance into consideration in assessing the damages. *Held*, (without determining what would be the effect of the plea were there no evidence introduced in its support,) that the instruction must in this case be erroneous, as it did not necessarily follow, as the instruction supposed, that the justification, if not fully proved, should aggravate the damages.

Where the plea of justification in such case is not entirely proved, but the evidence given under it shows that the defendant had reason to believe, from the plaintiff's conduct, that the charge was true, such evidence may be considered by the jury in mitigation of damages.

*Monday*,
*May* 27.

APPEAL from the *Henry* Circuit Court.

BLACKFORD, J. — *Monohon* brought an action of slander against *Byrket* for charging him with perjury. Plea, that the charge was true. Replication, *de injuria*. Verdict and judgment for the plaintiff.

On the trial, the Court, on the plaintiff's motion, instructed the jury as follows:

1. If the statement was false, and was deliberately made with a full knowledge of its falsity, you may infer the corrupt intention. Whether the statement was thus made, or whether it was the result of mistake, ignorance, or inadvertence, are questions for your determination, looking at all the facts of the case. 2. If the defence be doubtfully sustained, you may take into consideration the plaintiff's general character as a man of truth and integrity. But if, on the contrary, you should be satisfied from the evidence that he committed perjury on the trial, his character however good would be wholly immaterial. 3. Two witnesses, or one witness and strong corroborating circumstances, are necessary to sustain the truth of the plea. But the necessity of more than one witness is confined to the proof of the falsity of the plaintiff's statement. As to all the other material allegations in the plea, except the falsity of the statement, one witness is sufficient. 4. To sustain the issue on the defendant's part, he must have proved the plea of justification to be true by two

witnesses, or by one witness and strong corroborating circumstances; and if he failed to do so, the jury must find for the plaintiff. 5. The only issue in this cause is, whether the plaintiff is guilty of perjury or not? and if the defendant has failed to prove that his plea is true, and that the plaintiff was guilty of perjury, it is a great aggravation of the slander to have the truth of the charge alleged and placed on the record by the plea; and the jury should take it into consideration in assessing the damages against the defendant.

To all these charges the defendant excepted.

The defendant has no reason to object to the first instruction. When the plaintiff, in an action of slander, proves the speaking of the actionable words laid, the law implies that they are *false*, and that they were spoken *maliciously*, unless there is evidence sufficient to satisfy the jury to the contrary. *Yeates et ux.* v. *Reed et ux.* 4 Blackf. 463.—*Roberts* v. *Camden*, 9 East, 93.

The second instruction is unobjectionable. The defendant undertook to prove that the plaintiff had committed perjury; and the jury, in making up their minds on the subject, had surely a right to take into consideration, if the defence was not clearly proved, the general good character of the plaintiff for truth. Indeed, it would seem that such evidence ought never to be withdrawn from the jury, though it will often be rendered of no avail by the nature of the defendant's evidence. If the plaintiff were indicted for the offence, it would be proper for the jury, in making up their verdict, to take into consideration his general good character for truth; Roscoe's Crim. Ev. 72; and the law must be the same in the case before us.

The third and fourth instructions are correct. There could be no objection to them, had the trial been on an indictment against the plaintiff for perjury. Roscoe's Crim. Ev. 686; *Regina* v. *Yates*, 1 Carr. & Marshman, 132; and the law on the subject must be the same in this case. See *Woodbeck* v. *Keller*, 6 Cowen, 118.—*Offutt* v. *Earlywine*, 4 Blackf. 460.—*Chalmers* v. *Shackell*, 6 Carr. & Payne, 475.

The fifth instruction is erroneous. The plea of justification was not, so far as appears by the record, any ground for increasing the damages. What would be the effect of the

May Term,
1844.

plea, if no evidence tending to sustain it was given, we shall not now determine. It is sufficient for the decision of this case to say, that it does not necessarily follow, as this instruction supposes, that the justification, if not fully proved, should aggravate the damages. The plea may not have been entirely proved, and yet if the evidence introduced under it showed that the defendant had reason to believe, from the plaintiff's conduct, that the charge was true, the damages could not be increased in consequence of the plea, as the evidence given under it would then go in mitigation of damages. *Chalmers* v. *Shackell, Supra.* See, also, *Sanders* v. *Johnson,* 6 Blackf. 50.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*S. W. Parker* and *C. H. Test,* for the appellant.
*C. B. Smith* and *J. S. Newman,* for the appellee.