*Friday, March 24, 1848.*

---

WONDERLY *v.* NOKES.—In error.

ACTION of slander for charging the plaintiff with larceny. Pleas, not guilty, and a justification alleging the words to be true. On the trial the Court instructed the jury as follows: "The testimony, to sustain that plea (the justification), should be as certain and conclusive as would be required to justify a conviction for the larceny, if the plaintiff were indicted for

*Friday, March 24, 1848.*

Case 2.
8b 589
131  349

Nov. Term, 1847.

WONDERLY
v.
NOKES.

the offence—such as leaves no rational doubt in the minds of the jury of the truth of the charge." The defendant objected to this instruction. Verdict and judgment for the plaintiff. Judgment affirmed (1).

(1) See *Byrket* v. *Monohon*, 7 Blackf. 83.—*Lanter* v. *M'Ewen*, ante, 495. In an action for libel, *Tindal*, C. J., in charging the jury said: "We cannot consider the plea (of justification) in any other way, or on any other kind of evidence, than if we were trying the plaintiff for the offence alleged in it." *Chalmers* v. *Shackell*, 6 C. & P. 475. In a subsequent case, *Denman*, C. J., in charging the jury said: "The first plea of the defendants is a plea of justification of so much of the libel as imputes the crime of bigamy to the plaintiff; and I think that on this plea of justification, you should have the same strictness of proof as on a trial for bigamy." *Willmett* v. *Harmer*, 8 C. & P. 695. In an action of slander, the defendant pleaded the general issue, and gave notice that he should justify speaking the words by proving them to be true. On the trial, he gave evidence tending to prove the truth of the words. The judge instructed the jury that if they were satisfied that the defendant made the charge against the plaintiff, which was alleged in the declaration, they should find a verdict for the plaintiff, unless, upon the whole evidence, they were satisfied that the charge was true; that the burden of proof was on the defendant to establish that fact; and that if the jury doubted as to that fact, they should find for the plaintiff. *Held*, that this instruction was correct. *Sperry* v. *Wilcox*, 1 Metcalf, 267.