May Term, 1848.

LANDIS
v.
SHANKLIN.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. P. Bryant, A. L. Roache,* and *J. A. Wright,* for the plaintiffs.

*R. W. Thompson,* for the defendants.

---

## LANDIS *v.* SHANKLIN.

In an action for slander, the charge complained of being the commission of an offence against the state, the same degree of evidence is necessary to sustain the plea of justification that would be required to convict the plaintiff on a criminal prosecution for that offence.

Under the general issue, and a plea of justification, in an action for slander, if the evidence adduced creates, in the minds of the jury, strong suspicions of the guilt of the plaintiff, the jury may regard such evidence in mitigation of damages.

Friday, June 2.

APPEAL from the *Miami* Circuit Court.

PERKINS, J.—Case for slander. Charge complained of, larceny. Pleas, general issue, and justification. Replication to the plea of justification, *de injuria.* Verdict and judgment below for the plaintiff.

On the trial, the defendant asked the Court to instruct the jury, that if they found the plea of justification not

fully sustained, but that the testimony strongly conduced to establish the larceny charged in it, that fact might go in mitigation of damages; and further, that if the evidence adduced under said plea, created in their minds strong suspicions of the guilt of the plaintiff, &c., they might regard said evidence in mitigation, &c., which instructions the Court refused to give; but instructed the jury, that to sustain the plea of justification the same degree of evidence was necessary that would be required to convict the plaintiff on a trial on an indictment for larceny; and that, if the defendant had failed to establish said plea, fully, they should consider the plea as an aggravation of the original slander. Exceptions were taken.

The first instruction given by the Court was right; upon the second, we shall here express no opinion, as, in the decision of another cause now before the Court, the correctness or incorrectness of a similar instruction, is the material question to be settled.

As to the first instruction refused, the counsel for the appellant relies on the case of *Byrket* v. *Monohon*, 7 Blackf. 83, to show that it should have been given. The counsel for the appellee distinguishes that case from the present, in this, that in *Byrket* v. *Monohon*, the general issue was not pleaded, and he insists that that circumstance makes the rule of law different in the two cases. But in *Chalmers* v. *Shackell*, upon which *Byrket* v. *Monohon* was decided, there were the pleas of general issue and justification. As to the strength the evidence must possess to entitle it to be considered in mitigation, see *Henson* v. *Veach*, 1 Blackf. 369; *Sanders* v. *Johnson*, 6 id. 50; and *Byrket* v. *Monohon*, *supra*.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*D. D. Pratt*, for the appellant.

*H. P. Biddle*, for the appellee.