### SHANK *v.* CASE.

On the trial in an action for slander, the Court instructed the jury, "that, if the defendant had failed to sustain his pleas of justification by proof, they might consider them as evidence of malice and in aggravation of damages." *Held*, that the instruction is erroneous, as it does not follow that the justification, if not fully proved, should aggravate the damages.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—*Case* sued *Shank* in slander. The defendant pleaded the general issue, and also, in justification, that the words were true.

Verdict and judgment for the plaintiff.

On the trial, the Court instructed the jury "that if the defendant had failed to sustain his pleas of justification by proof, they might consider them as evidence of malice, and in aggravation of damages."

The defendant excepted.

The defendant relies on the case of *Byrket* v. *Monohon*, 7 Blackf. 83, to show that the instruction given is erroneous. In the case cited, the instruction given was, that if the defendant had failed to prove that his plea (of justification) was true, it was a great aggravation of the slander, &c., and the jury should take it into consideration in assessing the damages. There does not appear to be any substantial difference between the instructions in the two cases. The jury might, certainly, understand, from the instruction given in the case now before us, that, if the special pleas were not entirely proved so as to be a bar to the suit, they might be considered in aggrava-

tion of damages.   That was held, in *Byrket* v. *Monohon*, not to be the law (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

J. *Ryman*, for the plaintiff.

J. A. *Matson*, for the defendant.