SPRUIL vs. COOPER.

1. Although in an action of slander for charging the plaintiff with perjury, it is necessary for the defendant, if he pleads justification, to support his plea with such proof as would be required to convict the plaintiff on an indictment for that offence, yet it is not necessary, as in a criminal prosecution, that it should be of that degree of certainty requisite to remove all reasonable doubt from the minds of the jury.— A mere preponderance is sufficient.

Error to the Circuit Court of Marion. Tried before the
Hon. Geo. Goldthwaite.

This was an action of slander by the defendant against
the plaintiff in error, for charging him with the offence of per-

Spruil v. Cooper.

jury. Plea of justification. The proof tended to sustain the plea. The court charged the jury that they should be convinced of the truth of the facts which are necessary to sustain the plea beyond a reasonable doubt, and that a predominance of evidence in favor of said plea, unless it so convinced their minds, would not authorise a finding in its favor. To this charge the defendant excepted, and now assigns it as error.

EARNEST, for the plaintiff in error.

No counsel for the defendant.

DARGAN, C. J.—In an action of slander for charging the plaintiff with perjury, if the defendant plead the truth of the charge in bar of the action, he must introduce such proof in support of his plea as would be required to convict the plaintiff on an indictment for that offence. Wooddeck v. Keller, 6 Cow. 118; 16 Wend. 601; 7 Blackf. 83. The extent of this rule, however, is that the defendant must sustain his plea by two witnesses, at the least, or by one witness and corroborating circumstances. When this is done, the jury are then to weigh the evidence in support of the plea, as they would in any other civil suit. If the testimony preponderates in favor of the plea of justification, they may find in favor of the defendant, although upon the same evidence they might acquit the plaintiff were he on his trial for perjury, by allowing him the benefit of a reasonable doubt. We do not understand that in civil suits it is necessary for the plaintiff to prove his cause of action, or the defendant to prove his defence with that degree of certainty as to remove all doubt from the minds of the jurors, but they may give their verdict according to the weight or preponderance of the testimony, notwithstanding it may not be sufficient to exclude all doubt from their minds. This is the conclusion we attained in the case of Hopper v. Ashly, 15 Ala. Rep. 457, and we think that case is well sustained by reason and authority. It is true, that in prosecutions for felonies, the accused is entitled to the benefit of all reasonable doubt, and if the testimony does not exclude all reasonable doubt, he should be acquitted. This rule, however, should be confined to criminal prosecutions and cannot with propriety be applied to civil suits, neither in favor of a plaintiff or defen-

dant. The rule that prevails in courts of equity is, that the answer of a defendant, being under oath, must be disproved by two witnesses or by one witness with corroborating circumstances, in order to entitle the complainant to a decree. Yet it never has been contended that this proof must be of such a conclusive character as to relieve the mind from all doubt—it is sufficient if it satisfy the mind of the chancellor of the truth of the allegations of the bill. So in the case at bar, if the plea was sustained by two witnesses, or by one witness and corroborating circumstances, and the proof was sufficient to induce the jury to believe the plea was true, they should have found a verdict in favor of the defendant, although the proof might not have been of such a conclusive character as to relieve the mind from all doubt. The ruling of the Circuit Court was, that the testimony should exclude all reasonable doubt from the minds of the jury before they could find in favor of the defendant. In this the court erred, and the judgment must be reversed and the cause remanded.