Filed April 8, 1885.

———————◆———————

No. 11,872.

## WALKER v. BOYD.

SLANDER.—*Evidence.*— *Variance.*—Where slanderous words are laid in a complaint as having been spoken affirmatively, proof that the substance of the same words was spoken interrogatively is a variance, and not admissible.

From the Knox Circuit Court.

*J. C. Denny* and *J. S. Pritchett*, for appellant.

MITCHELL, J.—Mary Walker complained of Boyd in the court below, charging that he maliciously spoke of and concerning her the following false and slanderous words, omitting the innuendoes and some immaterial statements: "She

Walker *v.* Boyd.

has been in bed with Joe Walker; she has been sleeping with Joe Walker; she is in the family way with Joe Walker; she is with child by Joe Walker; she has been trying to get rid of her bastard child; Joe Walker has left the county because he has been sleeping with Mary Walker; she is coming up; she has been doctoring and trying to get rid of her bastard child; she is in the family way by Joe Walker, and he has left the State on account of it; she has been sleeping with him, and is now in the family way; she has been trying to get the doctor to get her rid of her bastard child."

Upon a trial by a jury there was a verdict for the defendant.

During the progress of the cause one Commodore Phillipi was called as a witness, and testified as follows: " I am acquainted with the parties to this suit. Shortly before this suit was brought I was at work for the defendant John G. Boyd. He asked me when I saw Mary Walker last. I said I did not know. Boyd then asked me if the story was true that she was in the family way. I said I did not know, and I also said I do not pity her if she is. He then said he heard she had been compelled to wean her child, and was doctoring."

On motion of the defendant this testimony was stricken out and withdrawn from the jury by the court.

Whether this ruling of the court was correct is the only question presented.

The words spoken to the witness by the defendant Boyd, and testified to by him as above set out, do not tend to prove even the substance of any of the words laid in the complaint.

Where slanderous words are laid in a complaint as having been spoken affirmatively, proof that the substance of the same words were spoken interrogatively is a variance, and consequently not admissible. *Yeates* v. *Reed,* 4 Blackf. 463; Folkard's Starkie on Slander and Libel, section 426; Odgers Libel and Slander, 471.

The difference between the sense and meaning of the same words, spoken affirmatively, and where they are uttered to another by way of inquiry, may be radical, and while they

may be slanderous in either case, they must be stated in the complaint in the form in which they were uttered.

All that was said by the defendant to the witness Phillipi, except the last sentence, was by way of inquiry, and this last sentence contained nothing slanderous.

The ruling of the court was correct.    Judgment affirmed, with costs.

