### BURNS *v*. MONELL.

*(City Court of New York, Special Term.* October 21, 1889.)

SLANDER—PLEADING—RES JUDICATA.

Defendant, in an action for slander, in calling plaintiff a "perjuring thief," admitted that he made the charge, but alleged that it was true, and that theretofore, in an action between them, plaintiff had willfully testified falsely, by reason of which judgment was rendered in his favor. *Held*, that the finding of the court in said action in favor of plaintiff did not make the question of plaintiff's perjury *res adjudicata*, and judgment could not be given for plaintiff on the answer.

Action by James P. Burns against Joseph A. Monell, for slander in calling plaintiff a "perjuring thief." Defendant admitted the charge, and in justification alleged that it is true, and that, in a civil action between them, plaintiff willfully and corruptly testified falsely, by reason of which judgment was rendered in his favor. Plaintiff moves for judgment on the answer.

*James Flynn*, for plaintiff. *Henry C. Botty*, for defendant.

McADAM, C. J. The denial that the charge was false creates no issue. The plaintiff was presumably innocent of crime, and required no evidence to prove his innocence in the first instance; for presumption is proof. The defendant undertook to justify by alleging in his answer that the charge was true. If he had done this, and nothing more, the defendant, after proving his plea, would have destroyed the presumption previously existing, and re quired proof from the plaintiff that he was innocent. But the defendant goes further, and alleges that the perjury was committed in an action to which the parties to the record here were likewise parties there. The justice judicially found that the plaintiff told the truth, and had consequently given judgment in his favor. But this finding does not make the question of perjury *res adjudicata*, either in a civil or criminal proceeding, for that was not the issue litigated and decided there. The justification is certainly as broad as the charge, is stated with the precision required in an indictment, and, if legally proved, furnishes a complete defense. The defendant did not call the plaintiff a "thief," but a "perjuring thief," meaning a person who robs by means of perjury, and not by means of larceny, or other act; so that the

crime of perjury is alone comprehended by the charge. The facts are not pleaded in mitigation, because the allegation of the answer is that the plaintiff's testimony was "willfully and corruptly false." Such a charge would maintain an indictment for perjury; whereas, if these words had been omitted, the plea would have been regarded as in mitigation only. *Spooner* v. *Keeler*, 51 N. Y. 527. The defendant's plea is a bold, if not dangerous, one, for the defendant has no right to take away the character of the plaintiff, unless he is in a position to prove the truth of the charge he has made, and under oath reiterated. See *Hopkins* v. *Smith*, 3 Barb. 599; *Downing* v. *Brown*, 3 Colo. 571; *Spruil* v. *Cooper*, 16 Ala. 791; *Ransone* v. *Christian*, 56 Ga. 351, 49 Ga. 491; *Steinman* v. *McWilliams*, 6 Pa. St. 170; *Crandall* v. *Dawson*, 1 Gilman, 556. The defendant has seen fit to call his justification a plea "in mitigation;" but this is a misnomer, for it sets up a complete, and not a partial, defense to the action. If the answer is true, the plaintiff ought to be in state-prison, rather than a suitor claiming damages in a court of justice. It follows that the motion for judgment must be denied, with $10 costs, to abide the event.