HALL *v.* ROGERS.

Trespass and false imprisonment. Plea, that the plaintiff, by his false representations respecting the circumstances of a third person, had induced the defendant, then in *Louisiana*, to sell there on a credit to such third person a boat laden with corn; that the plaintiff and the purchaser absconded without paying for the corn, and were fugitives from justice; that the defendant, for these reasons, made oath before a justice in this state, that the plaintiff and the purchaser had swindled him out of the price of his corn; that a warrant for swindling was accordingly issued by the justice against the parties complained of, upon which the plaintiff was arrested, taken before the justice, and by him committed to gaol, which is the same trespass, &c.—*Held,* on demurrer, that the plea was insufficient.

ERROR to the *Gibson* Circuit Court.

*Tuesday,*
*November 8.*

M'KINNEY, J.—Trespass and false imprisonment. The declaration contains three counts. The two first general, the third special. Plea of not guilty, and two special pleas of justification. To the special pleas, the plaintiff filed a special demurrer. The demurrer was overruled, and judgment rendered for the defendant.

The causes of demurrer are, 1st, no legal warrant authorising the imprisonment; 2d, no offence in the affidavit on which warrant issued; 3d, justice had no jurisdiction of the offence if any. It is averred in the special pleas, both of which are directed to the same ground of defence, that the defendant was swindled out of 860 dollars and 50 cents, in the state of *Louisiana*, by the false representations of the plaintiff. They consisted in the plaintiff's representing that one *Overfield* of that state, owned some negroes and a tavern stand in *Donaldsville*, and was fit and worthy to be trusted; that, in consequence of such representations, the defendant was induced to trust and did trust *Overfield* with a boat of corn; that *Overfield* did not own the property represented; that he was not fit to be trusted; and that he absconded without paying defendant for his corn. It is also averred that the plaintiff absconded and was a fugitive from justice; and that the defendant, in pursuance of a statute of this state concerning "fugitives from justice," went before a justice of the peace, and made an affidavit, "that he had been swindled out of 860 dollars and 50 cents by *Overfield* and *Hall*, plaintiff; that upon such affidavit, a warrant was issued against

*Overfield* and *Hall*, plaintiff, for swindling; that *Hall* was arrested, taken before a justice of the peace, and by him committed to jail; which are the same trespasses, &c.

The statute of this state, authorising the arresting and securing "fugitives from justice," provides for its action only in the event of a crime committed. The distinction between crimes and misdemeanors, does not warrant the application of the former grade of offence to the act, to which the 18th section of our statute relative to crime and punishment applies. Upon such application, the pleas are attempted to be supported. Admitting, however, the application, the pleas are insufficient. They do not bring the acts of the plaintiff within the operation of that section. The false representation of the solvency of another, is the ground of a civil action. The charges in the pleas amount to nothing more. A crime is not charged to have been committed in *Louisiana*. If no crime was committed in that state, a commitment in this cannot be justified. The term "swindling," the charge made in the affidavit and in the warrant, is vague and indefinite. It does not import a crime. Such a charge is not actionable, not being a punishable offence. The affidavit not charging a crime is insufficient; the warrant pursuing its terms does not justify the arrest; the imprisonment was illegal. The jurisdiction of a justice of the peace is limited. When that jurisdiction is transcended, responsibility attaches, and every thing done is void. This principle applies, whether the want of jurisdiction embraces the subject-matter, or the person. *Wise* v. *Withers*, 3 Cranch, 331. —*Perkin* v. *Proctor*, 2 Wils. 382. *Mostyn* v. *Fabrigas*, Cowp. 161.

The pleas are insufficient. Judgment should have been rendered in favour of the plaintiff.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Hall*, for the plaintiff.

*Judah* and *Battell*, for the defendant.