BlackfoRD, J.
This was an action of trespass for an assault and false imprisonment, brought by William C. Can-field against Richard Wasson, James Robb and William Madden. After the filing of the declaration, the death of Madden was suggested, and the cause was ordered to proceed against the other defendants. Wasson pleaded the general issue and two special pleas. The first special plea is to the following effect: That at the time of the trespass, &e., the defendant was a justice of the peace, &c.; that a felony had been committed, *437 Ac., by certain persons, making, forging, and counterfeiting, Ac., (the particulars of the offense are here set out) • that on, Ac., a reasonable suspicion and belief existed that the plaintiff was guilty of said felony, and there was reasonable ground for such suspicion and belief; that thereupon, afterwards, Ac., the defendant being a justice of the peace as aforesaid, by reason of such felony having been committed as aforesaid, and of such reasonable suspicion and belief that the plaintiff was guilty of such felony, and of such reasonable ground of suspicion and belief that the plaintiff was so guilty, commanded said Robb to arrest the plaintiff and take him before some justice of the peace, Ac.; that Robb, in *pursuance of said command, gently laid his hands on the plaintiff, and took him before one John J. Gross, a justice of the peace, Ac., to be ■dealt with, Ac.; which is the same trespass, Ac. The second special plea is similar to the first, except that it does not allege that the defendant was a justice of the peace.
Robb also pleaded the general issue and two special pleas. The first of his special pleas was to the following effect: That at the time of the trespass, Ac., he was a constable, Ac.; that a felony had been committed,' Ac., by certain persons making, forging,-and counterfeiting, Ac., (the particulars of the offense .are here set out); that afterwards, Ac., a reasonable suspicion and belief existed that the plaintiff was guilty of said felony, and there was reasonable ground for such suspicion and belief; that one Richard Wasson and others charged the plaintiff with being guilty of said felony, and informed this defendant, he being a constable, Ac., that the plaintiff was guilty;'that after-wards, Ac., this defendant, constable as aforesaid, by reason of said felony having been committed as aforesaid, and of such reasonable suspicion and belief that the plaintiff was guilty thereof, and of reasonable ground for such suspicion and belief, and of said charge and information of said Wasson and others, for the purpose of carrying the plaintiff before some justice of the peace to be dealt with, Ac., gently laid his hands on the plaintiff and took him before one John J. Cross, a justice of the peace, Ac., to be dealt with, Ac.; which is the same tres *438 pass, &c. The second special plea of this defendant is similar to the first, except that it does not allege that he was a constable.
The special pleas of both the defendants were demurred to generally; and the demurrers were sustained.
The special pleas of Wasson are bad for this reason, if no other, that they omit to set out the ground upon which the suspicion and belief of the plaintiff's guilt were founded. Whether the suspicion against the plaintiff was reasonable or not was a question of law for the Court to decide, and the pleas should consequently have shown the cause of suspicion. Mure v. Kaye, 4 Taunt., 34. The first of these pleas, it is true, states that the defendant was a justice of the peace, but that is no excuse for the omission we have mentioned.
*The special pleas of Robb state not only that there was a reasonable suspicion, &c., but, also, that he was informed by Wasson and others that the plaintiff was guilty; and the defendant is alleged in the first of these pleas to bé a constable. We think, however, that even the first of these pleas should have gone further, and have shown that the defendant’s informant stated the facts by which he knew or believed the plaintiff to be guilty; and that the pleas should have set out those facts, in order that the plaintiff could have taken the opinion of the Court on their sufficiency to raise a reasonable suspicion against him. Unless they were sufficient for that purpose, the arrest was not authorized. Davis v. Russell, 5 Bing., 354.
The demurrers to the pleas were, therefore, correctly sustained. After the decision of the Circuit Court on the demurrers, the cause was tried on the general issue. 'Verdict and judgment for the plaintiff.
The plaintiff’s testimony on the trial was substantially as follows: On, &c., the defendants stopped at a house about a mile from where the plaintiff lived, and said they were going to take the plaintiff for passing counterfeit money. Wasson. who was a justice of the peace, handed Robb, who was a constable, a paper which, he said, was a warrant for the arrest of *439 the plaintiff, and which the witness thought was read to him. Wasson said, at the same time, that if the plaintiff had let William Madden alone, or had not sued him, he would have let the plaintiff alone, or would not have prosecuted him. The defendants proceeded to the town where the plaintiff lived; and jRobb arrested him, and took him to a house in the town where they met Wasson. Wasson was not present at the arrest, but appeared afterwards to be countenancing it, &c.; he said that he was the prosecutor, and told the plaintiff that if he had let Madden alone,-he, Wasson, would have let him alone, and would have been his friend too. The plaintiff was then taken before a justice of the peace, who, after examining the cause, discharged the plaintiff. •
After the plaintiff’s testimony was closed, the defendants offered to read in evidence the following warrant issued by * Wasson, who was then and there a justice of'the peace: “State of Indiana, Jefferson county, ss. To any constable of said county, greeting: Whereas complaint has been made before me Richard Wasson, a justice of the peace of said county, on the oath of George Monroe, that on the-day of November, 1839, at the county aforesaid, Wm. G. Canfield, of said county, did pass and deliver to him, said Monroe, two $3.00 bills purporting to be on the Northern Bank of Kentucky, payable at Covington, which said bills he, said Monroe, did pay into the office of Richard Was-son, justice of the peace, to said Wasson, on a judgment in favour of William M. Blackford against said Wm. C. Canfield, one of which said bills said Monroe believes to be counterfeit from the statement of said Canfield. You are, therefore, hereby commanded to take Wm. C. Canfield, and him forthwith bring before me or some other justice of said county, to answer to said complaint, and be further dealt with according to law. Given under my hand and seal this 8th day of December, 1839. Richard Wasson, J. P. (seal).” The defendants also offered to prove that said warrant was placed in the hands of Robb, who was then and there a constable, to be executed, and that by virtue thereof the alleged arrest and imprisonment took place. *440 'The warrant thus offered in evidence was objected to, and the objection was sustained.
M. G. Bright, for the plaintiffs.
8. O. Stevens, for the defendant.
We think this objection should have been overruled. The mere passing of a counterfeit bank note not being a criminal offense, the warrant was illegal on its face, and was no justification for either of the defendants. Sandford v. Nichols, 13 Mass., 286; Hall v. Rogers, 2 Blackf., 429; Poulk v. Slocum, 3 Blackf., 421. But as the warrant had been referred to by the plaintiff’s witness, was a part of the. circumstances under which the arrest and imprisonment took place, and was not a justification, it was admissible in mitigation of damages.
The defendants also offered to prove that at and shortly before the time of the arrest and imprisonment, there was in the plaintiff’s neighborhood an association of persons, who, were •engaged in making and passing counterfeit money, particularly $3.00 bills on the Northern Bank of Kentucky; and that the plaintiff was generally reputed and 'believed in *the neighborhood to have been one of that association. This evidence was objected to, and the objection was sustained.
We think this testimony was also admissible in mitigation. In estimating the damages, the- motives of the defendants in making the arrest were a proper subject of inquiry; Chinn v. Morris, 2 Carr. & Payne, 361; and in determining whether they were actuated by malice, or by a desire to bring an offender to justice, it might be important to know whether the facts existed which the defendants here offered to prove.
The defendants also offered to prove that the plaintiff was one of the said association, and had been engaged in passing counterfeit money knowingly, and with intent to defraud the public. This evidence wrns objected to, and correctly rejected. The facts offered to be proved amounted to a justification, and ought to have been pleaded.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.