Nov. Term,
1847.

LANTER
v.
M'EWEN.

---

| 8b | 495 |
| 131 | 349 |

## LANTER ·v. M'EWEN.

Slander for charging the plaintiff with perjury. Plea, that the charge was true. *Held*, that to support the plea, the truth of the charge must be proved, beyond a reasonable doubt, by such evidence as would justify a conviction on an indictment for the offence.

Evidence, in slander, that the defendant had, after speaking the words laid, repeated them at different times, is inadmissible for the plaintiff in aggravation of damages.

But such evidence, where the defendant's intention in speaking the words is at all equivocal, is admissible to show malice.

ERROR to the *Decatur* Circuit Court.

*Friday,
November* 26.

SMITH, J.—*M'Ewen* sued *Lanter*, the plaintiff in error, in an action on the case for slander. The words alleged to have been spoken were, that *M'Ewen*, in giving testimony as a

witness on the trial of one *Knight,* on an indictment in the *Decatur* Circuit Court, had committed perjury. *Lanter* pleaded the truth of the words spoken in justification. There was a trial by jury which resulted in a verdict for the plaintiff. Motions in arrest of judgment and for a new trial were overruled, and judgment was rendered upon the verdict.

The errors complained of refer to the instructions given to the jury. The defendant moved the Court to instruct the jury, that, under the plea of justification, it was not necessary that the evidence should be of such a character as to remove all reasonable doubt of the plaintiff's guilt of the offence in the defendant's plea specified, but the jury should decide according to the preponderance of the testimony. The Court refused so to instruct, and instructed the jury that the material allegations in the plea must be clearly proved; that a mere preponderance of evidence is not sufficient, but the facts must be established beyond a reasonable doubt, by such evidence as to those facts as would justify a conviction for perjury if the plaintiff was indicted for that offence.

The instruction given by the Court on this point was correct. It is true, as a general rule, that a preponderance of evidence, in civil cases, is sufficient, but the proof in all cases must conform to the specific allegations upon the record. There seems to be little, if any, difference between the evidence required in proof of a specific charge alleged in the course of a civil proceeding, and the evidence which would be essential to support an indictment for the same charge. It is said, indeed, that greater precision may be necessary in the former case than in the latter, as variances as to particulars, which would not be fatal upon an indictment, might be so upon the issue taken on a plea of justification in slander. 2 Stark. Ev. 643, 7 Am. ed. Therefore, in slander for charging the plaintiff with perjury, the defendant, to sustain a plea of justification, must give as conclusive proof as would be necessary to convict the plaintiff of perjury on an indictment. *Byrket* v. *Monohon,* 7 Blackf. 83.—16 Wend. 601.—6 Cow. 118.—2 Yerg. 235.

The jury was also instructed that "if *Lanter,* the defendant, after the plaintiff informed him that he did not state that he, *Lanter,* had told him that he would not believe *Effy Paul*

on oath (the matter in which the alleged charge of perjury consisted), and if he did not so state, but that he had stated he would not believe her word, *Lanter* still continued to publish the slander, it is evidence of malice and the jury may take that circumstance or fact in consideration in aggravation of damages." It is somewhat difficult to comprehend the precise meaning intended to be conveyed by the Court in this instruction, but it seems to amount to this: That if after being informed, &c., *Lanter* still continued to publish the slander, that is, after having spoken the words charged in the declaration, he continued at other and different times to repeat the same slanderous matter in public, those repetitions were evidence of malice and might be considered in aggravation of the damages. This was wrong. The defendant was liable to separate actions for such repetitions; *Forbes* v. *Myers*, 8 Blackf. 74; and though evidence of such repetitions was admissible to prove the malice with which the words spoken at the time and in the manner charged in the declaration were uttered, if the intention of the defendant in using such words was at all equivocal, such evidence was not admissible by way of aggravation to increase the damages. This distinction should be carefully held in view. As such evidence is merely to be used in proof of the *quo animo*, it has been held by high authority that when there is no doubt as to the intention it ought not to be admitted, but as it is generally impossible for the plaintiff or the Court to pronounce *a priori*, whether, independently of the proposed evidence, the jury will be satisfied on the point of malice, there are few cases, perhaps, where it can be excluded. It is important, therefore, that the instructions of the Court should be so shaped that the jury will not be misled as to the purpose for which such evidence is admitted. See, also, *M'Glemery* v. *Keller*, 3 Blackf. 488.— *Throgmorton* v. *Davis*, 4 *id.* 174.—*M'Intire* v. *Young*, 6 *id.* 496.—*Schoonover* v. *Rowe*, 7 *id.* 202.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test*, for the plaintiff.

*A. Davison*, for the defendant.