SHOULTY *v.* MILLER, by his next friend MILLER.

In an action for slander and malicious prosecution, the accusation complained of being larceny, the plea of justification must be proved beyond a reasonable doubt.

A plea of justification in an action for slander, though no evidence be given under it, cannot be considered in aggravation of damages; neither can

the repetitions of slander by the defendant after the commencement of the suit, be considered in determining the question of damages.

Evidence adduced, under a plea of justification in an action for slander and malicious prosecution, which shows that the defendant had reason to believe, from the plaintiff's conduct, that the charges were true, may be considered in mitigation of damages, though it does not establish the plea.

Nov. Term, 1849.

SHOULTY
v.
MILLER.

APPEAL from the *Delaware* Circuit Court.

PERKINS, J.—Case for slander and malicious prosecution. Accusation complained of, larceny. Pleas, justification; issues of fact. Verdict and judgment for the plaintiff.

Thursday,
December 6.

The Court, upon the trial, instructed the jury that the pleas of justification, averring the truth of the charge, must be proved beyond a reasonable doubt. This was right. *Lanter* v. *McEwen*, 8 Blackf. 495.—*Wonderly* v. *Nokes*, id. 589, and note.

The Court also instructed that the filing of a plea of justification, where any evidence was given under it, was not, of itself, a fact that should aggravate the damages. This instruction did not go far enough. The filing of a plea of justification should not aggravate the damages even though no evidence be given under it. We know of no principle of law that will support the opposite position. If it be said that the plea is a repetition of the slanders, the argument in reply is short, and, to us, seems conclusive. If the plea be an actionable repetition of the slander, as it is subsequent to the commencement of the suit in which it is filed, it constitutes an independent cause of action, for which the defendant will be liable in another suit. If it be not an actionable repetition, then the plaintiff should not have the benefit of it as such, by getting damages for it in the suit in which it is filed. Again—the issues in a cause are often made up a length of time prior to the trial. A defendant, therefore, at the time of filing a plea of justification, may have witnesses to prove it, who, at the time of the trial of the cause, may be dead or absent, and the defendant thus deprived of their testimony without fault. This point was ruled the same way in *Murphy* v. *Stout*, *May* term, 1849 (1).

The Court was asked by the defendant to give the following instruction:

"If the jury think the evidence adduced by the defendant not entirely sufficient to establish the pleas of justification, yet if the evidence given under them shows that the defendant had reason to believe, from the plaintiff's conduct, that the charge was true, such evidence may be considered in mitigation of damages."

This instruction should have been given. *Byrket* v. *Monahon*, 7 Blackf. 83.

The Court gave the instruction somewhat changed, but applied it to the count for slander. It should have been applied to the counts for malicious prosecution also. *Wasson* v. *Canfield*, 6 Blackf. 406. The evidence might go in mitigation, though it should not prove the truth of the charge or amount to probable cause.

This instruction was given:

"In deciding upon this cause, the jury should take into consideration the parties interested, the nature and extent of the charges, the character of the witnesses and their connection with the parties, previous misunderstanding and threats, the repetition of them in the court-house before the jury and audience by the defendant's counsel, not warranted by the testimony and the credibility of the witnesses, and the connection they have had with the transaction."

It seems to us the Court erred in giving this instruction. We understand the words "repetition of them" to refer to the slanderous charges alleged in the declaration. In this view, the instruction was calculated to mislead the jury. They might have understood from it that they were to consider those repetitions in their assessment of damages; and particularly so, as no instruction directing the jury upon that point was given. Now, it has been repeatedly decided that repetitions of the slander by the defendant himself, after the commencement of the suit for the first speaking of the words, cannot be considered in determining the question of damages in said suit. Much less, we think, could those by the attorney.

We may remark that we see no interpretation of said instruction that would enable us to sanction it.

We may also say, that we mean here to intimate no opinion as to whether the repetitions of the slander by the attorney could be given in evidence, or in any manner noticed, as tending to prove malice on the part of his client.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Kilgore,* for the appellant.

*T. J. Sample* and *O. H. Smith,* for the appellee.

(1) See *ante,* p. 372.