## Wilson *v.* Barnett.

SLANDER.—*Actionable Words.*—The following words: B. "was going to run away on the account of" J. " (plaintiff meaning) being in a bad fix, and that a certain woman had got medicine of a doctor, and that she (plaintiff meaning) had become all right," where it is alleged that they were spoken of the plaintiff, an unmarried female, and of her character for chastity, and that they were intended and understood to mean that she had been guilty of fornication, and had been in a state of pregnancy, etc., are actionable.

SAME.—*Pleading.—Answer.—*To a complaint for slander, an answer alleging that the plaintiff was a witness in a cause about to be tried, in which the defendant was interested, and the defendant was endeavoring to ascertain

what the plaintiff's testimony would be, and the credit to be given the same, and from information received from certain persons, he spoke the slanderous words charged, in trust, secrecy, and confidence, to ascertain whether they were true or false, and without malice, is bad.

SAME.—*Plea of Justification.*—*Instruction.*—*Degree of Proof.*—In an action for slanderous words importing that the plaintiff, an unmarried female, submitted to sexual intercourse resulting in her pregnancy, under an answer alleging the truth of the words spoken, the court instructed the jury that the defendant must have proved beyond a reasonable doubt that the plaintiff was a woman of bad character and had been guilty of fornication or whoredom as in said answer alleged.

*Held,* that this was error; that it was sufficient to prove the truth of the words, not beyond a reasonable doubt, but by a preponderance of evidence, without proving that the plaintiff was a woman of bad character.

From the Hancock Circuit Court.

*R. A. Riley, M. Marsh, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellant.

*H. J. Dunbar,* for appellee.

DOWNEY, C. J.—This was an action for slander by the appellee against the appellant. The complaint was in five paragraphs. The second and third were stricken out on motion of the defendant. A joint demurrer to the first, fourth, and fifth, because they did not state facts sufficient to constitute a cause of action, was filed by the defendant and overruled by the court. Exception was taken. The defendant filed an answer consisting of the general denial and two special paragraphs. A demurrer was filed to the second and third, sustained to the second, and overruled as to the third. There was a reply in denial of the third.

A trial by jury resulted in a verdict for the plaintiff in the sum of twelve hundred dollars. A motion for a new trial made by the defendant was overruled, and final judgment rendered on the verdict.

The first and second errors assigned call in question the authority of the appointed judge who held the court and tried the cause. The third relates to the overruling of the demurrer to the complaint. The fourth complains of the ruling of the court in sustaining the demurrer to the second

paragraph of the answer. And the sixth, there being no number five, is, that the court erred in refusing to grant a new trial.

The demurrer being joint, it will be sufficient to justify the ruling of the court thereon, if any one of the three paragraphs of the complaint shall be found sufficient.

The first paragraph alleges that at and before the time of the grievances hereinafter mentioned, the said Josephine was an unmarried female and under the age of twenty-one years, and still remains unmarried, etc.; that on and before, etc., she was chaste and virtuous, and of good repute for chastity and virtue, but the defendant, greatly envying the fair fame and condition of said Josephine, wickedly contriving, etc., to injure, defame, and forever disgrace and ruin her, etc., while speaking of and concerning the said Josephine, and of and concerning her character and reputation for chastity, and of and concerning her physical condition, and of and concerning one Irvin Barnard, an acquaintance, and at one time a suitor of hers, and an occasional visitor at her father's house, and of and concerning the relations between her and said Barnard, and at, etc., and in, etc., heretofore, to wit, on the 13th day of March, 1870, in the presence and hearing of divers persons, to whom she and said Barnard were well known, and among whom and in whose neighborhood the words "bad fix," when applied to a female, meant and were understood to mean pregnancy, uttered, spoke, and published the false, scandalous, malicious, and defamatory words following, to wit: "Irvin Barnard was going to run away, on the account of Josephine (plaintiff meaning) being in a bad fix, and that a certain woman had got medicine of a doctor, and that she (plaintiff meaning) had become all right." Thereby meaning that the plaintiff had been pregnant of a bastard child, and had procured and suffered an abortion thereof, thereby then and there meaning and intending to charge the said Josephine with being pregnant; and the defendant, knowing that the said Josephine was unmarried, thereby then and there meant and intended to charge

that she was guilty of fornication, and the said words so spoken by the defendant were so understood and accepted at the time by the persons aforesaid; by reason of which she has been damaged in the sum of ten thousand dollars, etc.

The fourth and fifth paragraphs of the complaint are substantially in the same form as the first, each charging that the defendant preferred the same charge against the plaintiff, but in slightly different language. The statute provides that every charge of incest, fornication, adultery, or whoredom, falsely made by any person against a female, shall be actionable in the same manner as in the case of slanderous words charging a crime, the commission of which would subject the offender to death or other degrading penalties. 2 G. & H. 333, sec. 788. We think the words spoken in this instance are actionable. It is alleged that they were spoken of the plaintiff and of her character for chastity, and that they were intended and understood to mean that the plaintiff had been guilty of fornication, and had been in a state of pregnancy, etc. Such a charge comes clearly within the purview of the statute to which we have referred. We do not deem it necessary to refer to cases on this point.

The second paragraph of the answer alleges that at the time of the speaking of the words laid in the complaint, an infant son of the appellant was under indictment for rape, and that the appellee was the principal witness against his said son on said charge, and with a view of ascertaining what the appellee's testimony would be against his said son, and the credit to be given to her testimony, he had a private and confidential conversation with one Dawson and wife, in which conversation he told Dawson and wife that one David Beaty and one Wilson had informed him of the facts spoken of and charged as slanderous; that he spoke said words to said Dawson in trust, secrecy, and confidence, and merely as a matter of inquiry, to ascertain whether or not the same were true or false, and without malice, and in and about pre-

Wilson v. Barnett.

paring for the defence of his said son upon said indictment, and which was the speaking complained of, etc.

It is hardly necessary to occupy time in discussing this paragraph of the answer. If we concede that a party to an action, or those acting for him, may make inquiries to ascertain what a witness will testify to, and the credit to be given to the testimony of the witness, it would not seem to follow that such party might, under cover of this privilege, utter and publish gross slanders of the person concerning whom the inquiries are being made. We do not regard this paragraph of the answer as good either in bar or in mitigation of damages.

The third paragraph of the answer on which issue was taken alleged, by way of justification, the truth of the words spoken.

On the trial of the cause, the court instructed the jury, among other things, as follows:

"The burden of proving this paragraph of his answer rests on the defendant, and he must have proved, beyond a reasonable doubt, that the plaintiff was a woman of bad character, and had been guilty of fornication or whoredom, as in said answer of justification alleged."

Exception was taken to the giving of this instruction, and it was made a ground of the motion for a new trial. Although the evidence is not in the record, it seems to us that this question is properly before us. The rule is, that if, under any state of the evidence which might properly have been given in the case, an instruction may be correct, the court will not reverse the judgment. But, on the other hand, if under no state of the evidence which could have been given under the issues would the instruction have been correct, the judgment should be reversed.

Whatever might have been urged in this court against the third paragraph of the answer, or any part of it, as a justification of the speaking of the words set out in the complaint, no question as to it has been presented here by cross error, and the charge of the court treated it as a sufficient justifi-

cation.   To establish the truth of the charge preferred in
the words alleged to have been spoken, would not be to show
that the plaintiff had been guilty of any violation of the
criminal law.   The submitting to sexual intercourse, by a
female, resulting in her pregnancy, which is what the words
import, is not punishable by any law of the State as a crime.
This being the case, the question is, what amount or degree
of evidence is necessary to establish a justification in such a
case ?   Where the actionable slanderous words import the
commission of a crime, it has been  repeatedly held by this
court that the same degree of evidence is necessary to sus-
tain the plea or answer of justification that would be required
to convict the plaintiff in a criminal prosecution for that
crime.   Where the crime imputed is perjury, the same
weight or degree of evidence is necessary as is essential to
a conviction for perjury, that is, two witnesses, or one wit-
ness and strong corroborating circumstances, as to the falsity
of the plaintiff's statement, the other allegations of the
answer or plea being proved by one or more witnesses.   But
in every case where the words impute a crime, the proof of
the truth of the charge must be beyond a reasonable doubt.
The following cases may be cited in support of this rule:
*M'Glemery* v. *Keller*, 3 Blackf. 488 ; *Offutt* v. *Earlywine*, 4
Blackf. 460 ; *Byrket* v. *Monohon*, 7 Blackf. 83 ; *Lanter* v.
*M'Ewen*, 8 Blackf. 495 ; *Landis* v. *Shanklin*, 1 Ind. 92 ; *Gants*
v. *Vinard*, 1 Ind. 476; *Shoulty* v. *Miller*, 1 Ind. 544; *Wonderly* v.
*Nokes*, 8 Blackf. 589 ; *Swails* v. *Butcher*, 2 Ind. 84.   Doubtless
other cases might be cited.   This is the rule in other states
as well as in this.   Townshend Slander and Libel, sec. 404.

It is insisted by counsel for the appellee  that  this rule is
applicable also to cases  where the words  impute  adultery,
fornication, etc., to a female; because the statute to which
we have already referred makes  such charge actionable as
in cases where the words impute a crime; and this is the
view of the law presented by the court to the jury.   The
instruction lays down the rule correctly, if the same rule is
to prevail which applies in cases where crime is imputed,

that is, that there must be proof "beyond a reasonable doubt" of the truth of the charge contained in the words spoken. But we do not think that the rule should be extended to such cases. Before the enactment of this statute, no action could be sustained by a man or woman for words charging adultery or fornication, unless it could be alleged and shown that damages resulted from the speaking of such words. Addison Torts, 4. Out of favor to females, and as a protection to the character of that sex, the legislature enacted that such a charge, when made against a female, should be actionable in the same manner as in the case of slanderous words charging a crime. Words charging a crime were actionable without alleging special damage, and consequently so are words imputing adultery or fornication to a female. Each class of words is actionable *per se*, that is, without alleging or showing specially that any damages accrued to the party against whom the words were spoken. That damage resulted, is a legal inference, in the first case by the common law, and in the second by virtue of the statute. But we think the legislature did not intend to go beyond this and determine what amount of evidence should be necessary to sustain an answer setting up, as a defence, the truth of the charge. The only difference that exists between the case when the action is by a female and the case when the action is by a male is, that in the latter case it must be alleged and shown that damage resulted from the speaking of the slanderous words, while in the former case the statute dispenses with the allegation and proof of special damage. The degree of evidence in either case to sustain the answer of justification is the same, whether the action is by a male or a female.

There is another objection to the charge under consideration. The court not only told the jury that the facts must be proved beyond a reasonable doubt, but also that the defendant must prove two things : 1. That the plaintiff was a woman of bad character ; and, 2. That she had been guilty of fornication or whoredom, as in the answer alleged. It

was enough to prove the charge of fornication or whoredom as alleged in the answer, without proving that the plaintiff was a woman of bad character.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

*Petition for a rehearing overruled.*