———o———

## KERCHEVAL v. THE STATE.

CRIMINAL LAW.—*Assault and Battery.*—*Evidence.*—On the trial of an information for assault and battery, evidence is admissible, to show the animus of the defendant and give character to the alleged offence, that a felony had been committed in the neighborhood within a few days before the alleged assault and battery, that there were circumstances of suspicion that the prosecuting witness had commited the felony, that the defendant and others, as members of an association authorized by law for the detection and apprehension of fel-

Kercheval *v.* The State.

ons, arrested said witness upon suspicion of having committed the felony, and that such arrest was the assault and battery complained of.

From the Hamilton Common Pleas.

*D. Moss* and *F. M. Trissal*, for appellant.

*J. C. Denny*, Attorney General, for the State.

DOWNEY, J.—This was an information against the appellant for an assault and battery upon one Levi Cutts. Other persons were included in the information as defendants, but this case concerns the appellant alone.

No question is made as to the sufficiency of the information. Upon a trial by jury, the defendant was found guilty. He moved the court for a new trial, which was refused, and final judgment rendered against him. The error assigned is the overruling of the motion for a new trial.

On the trial of the cause, the defendant offered to prove that a felony had been committed in the neighborhood within a few days before the time when the alleged assault and battery was committed; that the prosecuting witness was suspected of having been concerned in its commission; that the defendant and others acting with him were members of an association organized under the act of March 9th, 1852, 1 G. & H. 372, to authorize the formation of companies for the detection and apprehension of horse thieves and other felons, and defining their powers, having entered into articles of association intended to be in conformity to the statute; that the alleged assault and battery consisted of the arrest of the prosecuting witness by the defendant and the others upon suspicion of his guilt of such felony, etc.

The defendant also offered in evidence the record of the articles of association of the company. The court excluded the evidence offered of the commission of the felony, the circumstances of suspicion against the prosecuting witness, the articles of association of the company, and the fact that the defendant was a member thereof, and acting as such when he assisted in making the arrest; and

instructed the jury that such facts were inadmissible either in justification of the acts of the defendant or in mitigation of punishment.    The statute relating to such companies provides, that " every one of the members of such company, when engaged in arresting offenders against the criminal laws of this State, shall be entitled to all the rights and privileges of constables."    Sec. 10.

We do not deem it necessary or proper to decide whether the evidence offered would have shown that the defendant was justifiable in what he did or not, but we think it clear that the offered evidence should have been admitted.    If it was not a full justification, it was undoubtedly admissible to show the animus of the defendant, and to give character to the alleged assault and battery.    1 Russell Crimes, 595; *Wasson* v. *Canfield*, 6 Blackf. 406.

The judgment is reversed, and the cause remanded, for a new trial.