IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1878, IN THE
SIXTY-THIRD YEAR OF THE STATE.

---

### HUTTS v. HUTTS.

SUPREME COURT.—*Ruling on Demurrer.—Failure to Except.—Practice.—* Where no exception is taken to the ruling on a demurrer, no question as to such ruling can be presented to the Supreme Court on appeal.

SAME.—*Sufficiency of Complaint.*—The sufficiency of a complaint may be questioned in the first instance in the Supreme Court, on appeal.

SLANDER.—*Perjury Committed in Testifying in an Inquest of Lunacy.—* A proceeding to test the sanity of a person alleged to be insane is a judicial proceeding ; and perjury imputed to a witness, as to testimony given therein by him, is slanderous.

SAME.—*Notice.—Producing Party in Court.—*Notice of such proceeding to the person alleged to be insane is not required by the statute authorizing such inquest, and the court trying the same may, on being satisfied that such person can not be produced in court without injury to his health, dispense with his personal appearance.

SAME.—*Actionable Words.*—It is competent for the court to inform itself as to the health of such person by the testimony of a witness, and perjury imputed to a witness in testifying as to such matter is actionable.

SAME.—*Hearsay.*—Statements made by the person alleged to be insane, concerning her health, are not competent evidence for the defendant in such action.

Hutts *v.* Hutts.

SAME.—*Evidence.*—The fact that such witness bore ill-will to the person alleged to be insane, at the time when he instituted the proceeding to test the sanity of such person, is not competent evidence on behalf of the defendant, in an action by the witness for slander in charging him with committing perjury while so testifying.

SAME.—*Justification.*—*Instruction.*—Where, in such case, the defendant pleads in justification, it is not error in the court to instruct the jury, that if, from all the evidence, they have a reasonable doubt as to whether the plaintiff had committed the perjury alleged, the defendant has not sustained such plea.

SAME.—*Impeaching Reputation.*—*Cross-Examination.*—Where a witness has testified as to the reputation of another for truth and veracity, it is competent, on cross-examination, to ask him as to what constitutes reputation.

From the Vermillion Circuit Court.

*W. A. Tipton,* — *Miller* and *S. F. Wood,* for appellant.

*J. McCabe, J. Ristine* and *G. McWilliams,* for appellee.

HOWK, C. J.—This action was commenced by the appellee, as plaintiff, against the appellant, as defendant, in the Fountain Circuit Court.

The appellee's complaint contained eight different paragraphs, in each of which he sought to recover damages for slanderous words, alleged to have been spoken of and concerning him by the appellant.

To each of said paragraphs the appellant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained as to the first and overruled as to each of the other seven paragraphs of the complaint.

The appellant answered in three paragraphs, each setting up an affirmative defence.

To this answer the appellant replied by a general denial.

The venue of the action, on the appellee's application, was changed to the court below, and the issues joined were there tried by a jury, resulting in a verdict and judgment in favor of the appellee and against the appellant, for damages in the sum of three hundred dollars.

The appellant's motion for a new trial was overruled,

and to this decision he excepted and appealed from the judgment rendered to this court.

The appellant has assigned in this court, as errors, the following decisions of the court below :

1.   In overruling his demurrer to the 2d, 3d, 4th, 5th, 6th, 7th and 8th paragraphs of the appellee's complaint ;

2.   In overruling his motion for a new trial.

In their argument of this case in this court, the appellant's counsel have frankly conceded, that " no exceptions were entered in favor of the appellant" on the overruling of his demurrer to the several paragraphs of the complaint.   It is clear, therefore, that the alleged error of the court in overruling the appellant's demurrer was not properly saved in the record, and presents no question for our decision.

But the appellant's attorneys have discussed, at some length, the sufficiency of the facts stated in the several paragraphs of the complaint to constitute causes of action; and, in this connection, they say :   " It may be said, that, inasmuch as the record does not show the proper exception to the ruling of the court on the demurrers to the complaint, this court can not now decide on the sufficiency of the complaint."

The counsel then argue at length and with much ability, that the act, approved February 25th, 1875, to amend section 54 of the practice act, whereby it was intended to prevent parties defendants, from assigning, in this court, as error, the insufficiency of the facts stated in the complaint to constitute a cause of action, was unconstitutional and void; and that the appellant had the right, notwithstanding the provisions of said amendatory act, to complain, in this court, of the insufficiency of the complaint as a cause of action.   The point, thus discussed by the appellant's attorneys, has been considered and decided by this court since the filing of the appellant's brief in this cause.

In the case of *Ford* v. *Booker*, 53 Ind. 395, it was held by this court, that the said amendatory act of February 25th, 1875, was unconstitutional and void, and that it is "proper to object to the sufficiency of the complaint for the first time in this court, by an assignment of error." 2 R. S. 1876, p. 59, sec. 54; Busk. Prac. 172, and authorities cited.

Very singularly, however, considering their argument, the appellant's counsel have wholly failed to assign, as error, the insufficiency of the facts stated in the complaint to constitute a cause of action. In the absence of such an assignment of error, the question of the sufficiency of the appellee's complaint in this action is not presented to, and can not be considered by, this court.

Under section 568 of the practice act, " a specific assignment of all errors relied upon " must " be entered on the transcript in matters of law only," by the appellant. 2 R. S. 1876, p. 244. This assignment of errors constitutes the appellant's complaint in this court, and to it alone is the appellee required to answer. It is the foundation of the appellant's proceedings for review in this court, and we can not consider nor decide any question which is not fairly presented by the assignment of errors.

In his motion for a new trial of this action, the appellant assigned the following causes therefor:

1. The verdict of the jury was contrary to the evidence.

2. Error of the court, in refusing to allow Giles W. Hutts to testify as follows: "At the time Mark O. Hutts went to Covington to make application to the Fountain Circuit Court to have a guardian appointed for Judith Hutts, my mother, he, Mark O. Hutts, was angry at her; that he had a quarrel with her a short time before, and that his anger towards her was very great, and his hatred very strong." Which evidence was excluded by the court and excepted to by the appellant.

3. Error of law occurring on the trial and excepted to by the appellant, in this: Samuel Goss, a witness for the appellee, testified in chief, that he knew the reputation of the appellant, in his neighborhood, for character, and it was good. When the appellant asked said witness the following question: "Do you know what makes up the reputation of an individual?" Which question was objected to by the appellee, and the objection was sustained by the court, and the witness was not allowed to answer, to which ruling of the court the appellant excepted.

4. For erroneous instructions given to the jury by the court, and excepted to by the appellant, as set out in bill of exceptions No. 1, in the record; that the appellant, on the trial of the cause, offered to prove by Giles W. Hutts and other witnesses produced, that Judith Hutts, on the 8th day of March, 1873, could have been produced before the Fountain Circuit Court, without injury to her health. Which evidence was objected to by the appellee and excluded by the court, and to this decision the appellant excepted.

5. That the verdict of the jury was contrary to law.

6. That the verdict was not sustained by sufficient evidence.

7. Error of law occurring at the trial, and excepted to by the appellant, in this: In sustaining the appellee's motions to suppress certain portions, specifically pointed out, of certain depositions.

8. Error of the court, in overruling the appellant's demurrers to each of the paragraphs, except the first, of the appellee's complaint.

9. That the damages assessed by the jury were excessive.

In considering the questions which arise under the appellant's motion for a new trial and the decision of the circuit court in overruling said motion, we will examine and

pass upon such only of those questions as the appellant's learned attorneys have presented for our decision, in their well considered brief of this cause, in this court.   The alleged slanderous words, upon which the appellee counted in each of the several paragraphs of his complaint, were words which imputed to him the crime of perjury.   The appellee charged in each of said paragraphs, that the alleged slanderous words, therein set out, were spoken of and concerning him by the appellant, in relation to the testimony of the appellee, as a witness, at the February term, 1873, of the Fountain Circuit Court, in a certain suit or proceeding, then and there had and held, to determine whether or not one Judith Hutts was a person of unsound mind, and incapable of managing her own estate.   Such a suit or proceeding, for determining such a question, was and is expressly authorized, and the modes of procedure therein are expressly prescribed, by the provisions of an act entitled "An act defining who are persons of unsound mind, and authorizing the appointment of guardians for such persons," etc., approved May 29th, 1852.  2 R. S. 1876, p. 598.

In this case, it is claimed by the appellant's counsel, as we understand them, that, while such suit or proceedings are authorized by the statute, yet the suit or proceeding in the Fountain Circuit Court, at its February term, 1873, in relation to Judith Hutts, for want of conformity to and compliance with the requirements of the statute, was absolutely null and void; that it was not, therefore, a suit or judicial proceeding, within the meaning of the law; that for his testimony, although false, in such suit or proceeding, the appellant could not have been convicted of the crime of perjury; and that, for this reason, the words spoken by the appellant, as alleged, of and concerning the appellee, to the effect that he had sworn a lie in his testimony in such suit or proceeding, did not impute to him the

crime of perjury, and were not *per se* slanderous and actionable. The record of such suit or proceeding in the Fountain Circuit Court, at its February term, 1873, was put in evidence by the appellee, on the trial of this action. It is earnestly insisted, in argument, by the appellant's attorneys, that this record utterly failed to establish the fact, that such suit or proceeding was a judicial one; " that, as no notice was given Judith Hutts, the whole proceeding was void, and it could make no difference what appellant might have said, in reference to appellee's testimony, in that *void* proceeding."

It has been held by this court, that words spoken, imputing a charge of false swearing, were not actionable *per se*. " They could only become so by reference to a judicial proceeding in which the plaintiff was alleged to have testified falsely." *Cummins* v. *Butler*, 3 Blackf. 190; *Shinloub* v. *Ammerman*, 7 Ind. 347. In this case, however, the record put in evidence by the appellee showed, we think, a valid judicial proceeding, within the meaning of the law. The appellant's only objection to the validity of the proceeding, as stated by his counsel, was, that " no notice was given Judith Hutts;" and, for this reason only, it is claimed that "the whole proceeding was void." In our opinion, the appellant's objection to the proceeding is not well taken. The statute under which the proceeding was had did not require that any notice thereof should be given to Judith Hutts. It required that the court should cause her to be produced in court, unless the court was satisfied that she could not be thus produced without injury to her health, in which case her personal appearance might be dispensed with. The record of the proceeding, put in evidence by appellee, did not show whether the said Judith Hutts was produced in court, or, on account of injury to her health, her personal appearance was dispensed with. In such a case, we are bound to presume, where

the record is offered merely as evidence in another suit or proceeding, either that the said Judith Hutts was produced in court, or that upon a proper showing her personal appearance was dispensed with.

The appellant's attorneys complain of an instruction of the court to the jury trying this cause, by which the jury were informed, in substance, that the proceeding in the Fountain Circuit Court, at its February term, 1873, to determine the question of the sanity or insanity of said Judith Hutts, was a judicial proceeding, and that, if the appellee was sworn and testified in that proceeding, his testimony would have been given in a judicial proceeding.

There was no error in this instruction. It was the province of the court to instruct the jury as to the character of the proceeding referred to, and the matter of the instruction, we think, was clearly right.

The court further instructed the jury in this case as follows:

" If the defendant said of the plaintiff, and concerning his testimony in that proceeding, as to the health of Judith Hutts and her ability to be present in court, that he ' swore to a lie.' Such words would, if untrue, be slanderous."

The appellant's counsel, in their brief of this cause, thus state their objection to this instruction:

" The question of the condition of the health of Judith Hutts, or her ability to be present in court, formed no part of the issue in that proceeding; that was a matter that the court should inform himself about before he could proceed to try the issue in the cause; and it could be in no way material to the issue formed by the petition and answer of the clerk. The only question material to the issue in said proceeding was the soundness or unsoundness of the mind of Judith Hutts, and her capability or incapability to manage her own estate."

We have given the counsel the full benefit of their argument on their objection to the instruction quoted; but we fail to see the matter in the light in which they have presented it. The proceeding authorized by the statute before referred to, to determine whether or not a person is. of unsound mind and incapable of managing his own estate, is clearly and unquestionably, we think, a judicial proceeding. The proceeding is an entirety; that is to say,. all the requirements of the statute in reference to or in connection with the proper determination of the question must be complied with, and are necessary parts of one judicial proceeding. Thus, section 2 of the statute provides, that the court shall cause the person who is the subject of the inquiry " to be produced in court." Section 4 of the statute reads as follows:

" Sec. 4. If the court shall be satisfied that such person alleged to be of unsound mind cannot without injury to his health be produced in court, such personal appearance may be dispensed with." 2 R. S. 1876, p. 600.

The case provided for in this section of the statute is. one that may often occur; and, when it does, how shall the court satisfy itself of the facts of such case except by the evidence of competent witnesses? That the court must be satisfied on this point, is required by the statute, and is a necessary part of the proceeding. It seems clear to us that the evidence adduced in such a proceeding to. satisfy the court that the subject of the inquiry cannot be produced in court, without injury to his health, is evidence introduced in the course of a judicial proceeding; and, if the person who gives such evidence for such purpose is charged with having sworn to a lie in such evidence, the charge, if false, would be slanderous and actionable per se.. The State v. Hall, 7 Blackf. 25; Henry v. Hamilton, 7 Blackf. 506; and Weston v. Lumley, 33 Ind. 486.

It is claimed by the appellant's counsel, that the court

below erred in refusing to allow the appellant to give the evidence, in his own behalf, set out in the second cause assigned by him for a new trial, in his motion therefor. We have set out this evidence in full, in our statement of the causes for a new trial, and we need not here repeat it. In discussing this alleged error of the court, the appellant's attorneys say : " This evidence ought to have been allowed to go to the jury, as a circumstance tending to show that the testimony given by the appellee as to the condition of his mother's health, on the 8th day of March, 1873, was wilfully and corruptly false." We certainly do not think that this " circumstance " would have had even the remotest tendency to show the alleged fact mentioned, unless it can be correctly said, which we do not believe, that the evidence of a man of very great anger and very strong hatred, in regard to the object of his passions, must or may be expected to be " wilfully and corruptly false." We entertain no such opinion of humanity. It seems to us that the offered evidence of the appellant was properly excluded.

On the trial of this cause, a witness on the part of the appellee testified in chief, that he knew the general reputation of the appellee, in his neighborhood, for truth and veracity, and that it was good. On cross-examination, the appellant asked the witness the following questions:

" What makes reputation ? "

" What is reputation ? "

Which questions were objected to by the appellee, and the objections were sustained by the court, and the witness was not allowed to answer either of said questions. The record fails to show the grounds of the appellee's objections, or of the rulings of the court in sustaining such objections ; and we confess our inability to surmise any sufficient grounds either for the objections or for the decisions. The learned counsel of the appellee, in their brief of

this cause, dispose of this point in a single sentence, as follows :

" The refusal to allow a witness on cross-examination to state a conclusion of law, namely, what constitutes reputation, is right."

That is the entire argument of appellee's counsel on the point under consideration, and it bears upon its face its own refutation. For, if reputation is a conclusion of law, then the appellee ought not to have been allowed to prove his reputation. If that was the ground of the appellee's objection to the appellant's questions, it is clear, we think, that the objection was not well taken ; and, if that was the ground of the court's decision in sustaining that objection and none other is suggested, it is equally clear, we think, that the decision was erroneous. The reputation of a party, in his neighborhood, is not a conclusion of law. It is a fact ; but it is one about which many honest and well-meaning witnesses have mistaken or imperfect conceptions.

In 1 Greenleaf on Evidence, sec. 461, it is said : " The regular mode of examining into the general reputation is to inquire of the witness whether he knows the general reputation of the person in question among his neighbors ; and what that reputation is. * * * * In answer to such evidence, the other party may cross-examine those witnesses as to their means of knowledge, and the grounds of their opinion," etc. In this same section, the learned author accurately defines general reputation, in stating what the witness must be able to testify, as follows : " He must be able to state what is *generally said* of the person, by those among whom he dwells, or with whom he is chiefly conversant ; for it is this only that constitutes his general reputation or character."

It seems to us that after the appellee's witness had testified in chief, that he knew the general reputation of the

appellee in his neighborhood, the appellant had the right, clearly and unquestionably, to cross-examine him as to his means of knowledge, and, to that end, to inquire of him what constituted reputation.   In our opinion, the court erred in sustaining the appellee's objections to the questions above set out, propounded by the appellant.   We may properly remark, that, as these questions were asked on cross-examination, it was not necessary that the appellant should inform the court what evidence he expected to elicit thereby, in order to save the error.   *Harness* v. *The State*, 57 Ind. 1.

. The appellant's counsel also complain of the rulings of the court in suppressing certain parts of certain depositions. The answers of the deponents, which were suppressed, were merely statements of what Judith Hutts had said to them—to one that her health was good, or better than it had been, and to the other that she was going to Covington in a few days.

We think that both of these answers were properly suppressed as mere hearsay evidence.

The appellant's counsel insist that the court erred in giving the jury this instruction :  " To sustain his answer of justification in this case, the defendant must establish the truth of the allegation he makes therein by proof satisfying your minds beyond a reasonable doubt ; that is, if, after a consideration of the whole testimony upon the question, you have a reasonable doubt whether the testimony of the plaintiff, which is alleged to have been false, was in fact wilfully and falsely corrupt, the defendant has not sustained his answer of justification."

This instruction contained a fair statement of the law of this State on the subject thereof, as enunciated in numerous decisions of this court.   *Byrket* v. *Monohon*, 7 Blackf., 83 ; *Lanter* v. *McEwen*, 8 Blackf. 495 ; *Wonderly* v. *Nokes*,

8 Blackf. 589; *Gants* v. *Vinard*, 1 Ind. 476; *Swails* v. *Butcher*, 2 Ind. 84; and *Wilson* v. *Barnett*, 45 Ind. 163.

The law as stated in the instruction complained of has been too long and too well recognized in the decisions of this court to be lightly changed; and we know of no good or sufficient reason for applying a different rule in this case. The court did not err in giving this instruction.

The appellant's attorneys earnestly complain, in argument, of the insufficiency of the evidence to sustain the verdict; but, as the conclusion we have reached as to one of the errors of law occurring at the trial will probably lead to a new trial of the action, we need not now consider the evidence.

For the reason given our conclusion is, that the circuit court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings.