McALESTER COAL & MINING CO. VS PATTERSON.

Opinion delivered September 25, 1902.

1. *Appeal—Specifications of Error—Rules of Court.*

> Where the error complained of, on appeal, is the giving of erroneous in-
> structions, and there is a total failure on part of appellant, to comply
> with rules of this court requiring, in such case, the part of the instruc-
> tion complained of, totidem verbis, the judgment of the trial court
> will be affirmed.

Appeal from the United States Court, for the Central
District.

WILLIAM H. H. CLAYTON, Judge.

Action by Willie Patterson, by his next friend, W. H.
Patterson, against the McAlester Coal & Mining Company,
for personal injuries. Judgment for plaintiff. Defendant
appeals. Affirmed.

This action was commenced on March 22, 1900, by the
plaintiff (appellee here) by filing his complaint at law against
the defendant (appellant here), alleging: That he, was em-
ployed by the defendant as a trapper, underground, in its mine,
and that it was his duty to open and hold open a door built
across the railroad track in said mine whenever a car passed,
and then close the same; that on November 3, 1899, hearing a
car approaching, he took hold of said door and opened the same,
and was holding the same, "but the car, upon approaching
said door, while running with great force and rapidity, ran off
the track, and struck the said door to which plaintiff was hold-
ing as aforesaid, and struck plaintiff's left hand with great force

where it held the said door, breaking, crushing, wounding, and mangling plaintiff's said hand, necessitating the amputation of the index finger of the same," and permenantly injured him for life. "That said car at said time and place was caused to derail and strike plaintiff as aforesaid by reason of the railroad track and latch and switch thereof being broken, defective, and out of repair. That it was the duty of defendant, in the exercise of ordinary care, to provide reasonably safe track, switch track, and latch, and to keep the same in a reasonably safe condition, and not to have allowed the track or latch to become broken, defective or out of repair." That defendant knew, or could have known, the defective condition of said track and latch and switch by the exercise of ordinary care, and defendant was careless and negligent in not providing reasonably safe track, switch track, and latch, and in not keeping the same in a reasonably safe condition, as it was its duty to do. That plaintiff, by reason of said injury, caused by defendant's negligence, was damaged in the sum of $5,000 and costs. Defendant answers, and denies all damages, and alleges that plaintiff was violating the rules of the defendant and directions of the agents of the company in holding said door open. "And defendant alleges that whatever injuries he may have sustained were directly caused by his own contributory negligence, and would not, and could not possibly, have occurred except for his disobedience of said orders as aforesaid." Plaintiff replies, and denies the violation of any rules of defendant, or directions of defendant's agents, and denies any contributory negligence on his part. On January 9, 1901, the case was tried before a jury, who, on January 10, 1901, returned a verdict for plaintiff for $250. Defendant moved for a new trial, which was overruled by the court, and judgment entered on the verdict, and defendant appealed to this court, and gave a supersedeas bond to abide the judgment of this court.

*Mansfield, McMurray & Cornish,* for appellant.

*W. E. Rogers,* for appellee.

TOWNSEND, J.   The appellant in this case has wholly failed to comply with the rules of this court, in that it has not set out the specifications of error intended to be urged.   Paragraph 2 of rule 10 of this court provides that: "A specification of the errors relied upon, in law  cases,  shall  set out separately and particularly, each error asserted and intended to be urged. * * * When the error alleged is to the charge of the court, the specification shall set out the part referred to, totidem verbis, whether it be in instructions given or instructions refused." Paragraph 3 of rule 10 provides that: "A brief of the argument, exhibiting a clear statement of the points of law or fact to be discussed, with a reference to the pages of the record and the authorities relied upon in support of each point." Rule 3 provides that: "In a motion for a new trial filed in any district of the United States Court in this territory, it shall not be necessary to set out in detail the different particular errors relied upon to secure a new trial, but the motion may be in general terms and in the manner provided in section 5151 of Mansfield's Digest of the Statutes of Arkansas (section, 3356, Ind. Ter. Ann. St. 1899); and this court will consider any and every ruling or action of any of the District Courts of this territory to which objection or exception was made or taken at the time of the trial, as the same is shown in the record in any given cause, irrespective of the fact whether such ruling or action of the court be set out especially in the motion for new trial or not, provided that such ruling or action be set out in the assignment of errors, as required in paragraph 3 of rule 10."   It will be observed that under the proviso of this rule the ruling or action of the court below must be set out in the assignment of errors, "as required by paragraph 3 of rule 10."   Appellant opens its brief by the following statement:  "The record in this case only presents a case of error

in the court below in instructing the jury. For the convenience of the court, we quote the instructions in full;" and then it copies the lengthy charge of the court, and on page 7 of its brief excepts to two of the charges given by the court, and on page 9 of its brief it has one exception to a charge given, and on page 11 "the appellants insist that the instructions were erroneous." The appellant then submits a short argument on one of the charges to which exception was taken, but without the citation of a single authority to sustain its contention. It is the judgment of this court that by reason of the failure of appellant to comply with the rules of this court the judgment of the court below should be affirmed, and the same, with judgment against the sureties on the supersedeas bond, is affirmed.