## MORRIS VS CORK.

### Opinion delivered October 19, 1904.

1. *Appeal—Briefs—Assignment of Errors—Dismissal for Want of.*

> On appeal the assignment of errors, required by Rule 10 Court of Appeals, (4 Ind. Ter. Rep. p. ——), is, in effect, the complaint of the appellant, and without this, there is nothing presented for hearing, and the appeal must be dismissed.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Action by J. B. Morris against Ples. Cork. Judgment for defendant. Plaintiff appeals. Dismissed.

*D. H. Wilson,* for appellant.

*Geo. B. Denison,* for appellee.

RAYMOND, C. J. This suit was brought by appellant in the United States Court sitting at Vinita, October 31, 1901, and on that day the following complaint was filed: "Comes now the said plaintiff, and for his cause of action against the defendant says: That he, the plaintiff, is now, and was at the time hereinafter mentioned, the owner of and in the possession of the following described improvement, lying and situate in the Cherokee Nation, to wit: About 90 acres of broke ground and about sixty acres of grass land, under fence, lying about 12 miles northwest of Vinita, Ind. Ter., between the two prongs of Cabin creek, and

is bounded on the north partly by an improvement owned by J. R. Garrett and partly by a place owned by the said defendant; on the east by a person whose name is unknown to the plaintiff; on the south by an improvement owned by Truman Tanner; and on the west by a place owned by Ples. Cork, the defendant, known as the 'Lou Habish Place.' That this plaintiff is a citizen of the Cherokee Tribe of Indians, of the Cherokee Nation, Indian Territory. That the grass land on said place is in the westerly portion next to the said Lou Habish place, and the defendant has for the years 1898, 1899, 1900, and 1901, without any right or authority from this plaintiff, gone upon said improvement, being the said improvement owned by this plaintiff, and during each of said years the defendant has cut the grass from at least 40 acres of said improvement, and has converted the same to his own use. That the value of said grass for the year 1898 was reasonably worth 35 cents per acre, or $14, and for the years 1899 and 1900 was reasonably worth the same amount for each year, and for the year 1901 said grass was reasonably worth the sum of $1 per acre, or $40; making a total in the sum of $82, which plaintiff has suffered in damages by reason of the wrongful and tortious acts of defendant as aforesaid. Wherefore the plaintiff demands judgment against the defendant for the said sum of $82 and for the costs of this action." December 4, 1904, the defendant filed a demurrer to the complaint, which reads: "Now comes Pleasant C. Caulk, who is sued in this case as 'Ples. Cork,' and demurs to the complaint of the said plaintiff, J. B. Morris, filed herein, and for cause of demurrer thereto says: First. It is not averred in said complaint that the said plaintiff is a member of the Cherokee tribe or nation of Indians. Second. It is not averred in the said complaint that the defendant resides in, or is to be found in, the Northern District of the Indian Territory, or that he resides nearer to the place of holding court at Vinita than any other place of holding court in said district. Third. It appears from the allegations contained in the said complaint that this court

has no jurisdiction over the subject matter. Wherefore, the said defendant asks the judgment of the court that he be not required to answer the said complaint." March 15, 1902, the demurrer coming on for hearing was sustained and suit dismissed. The appeal brought the record to this court. Appellee files a motion here to dismiss the appeal for noncompliance with rule 10 of this court. 4 Ind. Ter. Rep. p.        (64 S. W. vi). That rule reads: "This brief shall contain in order here stated: (a) A concise abstract, or statement of the case, presenting succinctly the questions involved, in the manner in which they are raised. (b) A specification of errors relied upon, in law cases shall set out separately and particularly each error asserted and intended to be urged; and in equity cases the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous. When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the specification shall set out the part referred to, totidem verbis, whether it be in instructions given or in instructions refused. When the error alleged is to a ruling upon the report of a master, the specification shall state the exception to the report and the action of the court upon it. (c) A brief of the argument, exhibiting a clear statement of the points of law or fact to be discussed, with a reference to the pages of the record and the authorities relied upon in support of each point." An inspection of brief for appellant reveals the fact that there are no assignments of error. The rule is plain, and its purpose is well understood by every practicing lawyer. Without an assignment of error, there is no matter presented for hearing here.

The assignment of errors is, in effect, the complaint of the appellant. It is the pleading of appellant which calls into exer-

cise the powers of an appellate court, and without such assignment there is nothing to review. "The office of the assignment of errors is to specifically and definitely present for review by the appellate tribunal the rulings of the trial court which the appealing party deems erroneous. Each specification should be complete in itself, and so framed as to clearly present the question of law upon which a decision is sought. One point only, or, perhaps, more accurately, one ruling, should be embraced in each specification." Appellate Procedure, Elliott, § 299. "The assignment of errors is, in effect, the complaint in the appellate tribunal, and hence it is necessary that it should be so framed that issue can be joined upon it. It is the pleading which calls into exercise the appellate power, and without it that power is not invoked. By it the case is brought into the appellate court, and upon it is formed the issue or issues on which judgment is given in all cases except those in which a question outside of the record is presented in an appropriate mode. In all cases where a review of previously decided questions is sought, errors must be properly assigned." Appellate Procedure, Elliott, § 300; Hutts vs Hutts, 62 Ind. 214. An assignment of errors may be required by a rule of court. Collins vs City of Seattle, 2 Wash. Ter. 354, 7 Pac. 857; Parker vs Dacres, 2 Wash. Ter. 440, 7 Pac. 893. When thus required, no question can be presented without it. Brown vs Hazard, 2 Wash. Ter. 464, 8 Pac. 494. It is the well-established practice of this court to dismiss an appeal on motion where there is no "specification of the errors relied upon" in a record of this character. McAlester Coal & Mining Co. vs Patterson, 4 Ind. Ter. Rep. 179 (69 S. W. 840).

Appeal is dismissed.

CLAYTON and TOWNSEND, JJ., concur.